In the Matter of the Estate of Annie H. de Constantinovitch, Deceased.

Surrogate's Court, New York County, November 22, 1935.

See headnote 157 Misc. 328.

*Conboy, Hewitt, O'Brien & Boardman,* for the trustee.

*Wiley & Willcox [Bertram F. Willcox* and *Jonathan Edwards* of counsel], for the life beneficiary.

*Alfred E. Smith, Jr.,* special guardian for the infants Heyward Cutting, Jr., and others, remaindermen.

*Cadwalader, Wickersham & Taft [Richard N. Crockett* of counsel], as *amicus curiœ* on behalf of Heyward Cutting, Jr., and others, infants.

Delehanty, S. By decision filed October 8, 1935 (157 Misc. 328), the court disposed of questions presented respecting the disposition of the profits on the sale of some parcels of real estate which at the date of death of testatrix was in her individual ownership but which by leave of the Supreme Court had been transferred to a corporation, the shares of which were thenceforward held in the trust in lieu of the real estate. By the decision referred to the court held that the directions in the will must be construed in the light of the facts existing at the date of the will and hence disregarded the organization of the corporation and its operation of the real estate as a factor in the decision. The life beneficiary of

the trust, the surviving husband of testatrix, has sought and obtained leave to reargue the question and on such reargument urges that the court is bound to give effect to the corporate structure and to dispose of the questions which he raises on the basis that the organization of the corporation alters the basis for decision adopted by the court. The argument made leaves the court of its original opinion but if resort be had to the corporate structure for the rule of decision the life beneficiary would not profit. The terms under which the transfers of the realty to the corporation were made included a provision that the trustee must allot extraordinary dividends to capital. This corporation was not organized for the purpose of dealing in real estate as such nor for the purpose primarily of making profits in buying and selling real estate. It was organized as a convenient medium for the administration of the real property which is in the trust. The proceeds of the sales of the corporate assets belonged plainly in the capital of the corporation. The corporation directors declared an extraordinary dividend payable out of the profits realized on the sales of real property by the corporation. There can be no charge of fraud on their part in so labeling the dividends. The terms of the transfer allocate these extraordinary dividends to capital. So, under any aspect of the problem the life beneficiary may not have the dividends.

Full consideration has been given to the points urged by the life beneficiary. The court adheres to the result for the reasons originally stated.

Submit, on notice, decree construing the will and settling the account accordingly.